**No. 41794.**—Protests 614389–G, etc., of Scaramelli & Co. et al. (New York).

Opinion by KEEFE, J. At the trial it was established that the merchandise consists of cheese the same as that the subject of Abstract 40880 and *Locatelli* v. *United States* (T. D. 49389). The protests were therefore sustained.

BEFORE THE FIRST DIVISION, JULY 6, 1939

**No. 41795.**—Protest 944177–G of John V. Carr & Son (Detroit).

Opinion by McCLELLAND, P. J. From the stipulation it was found that the merchandise is not of the character of blocks or sticks provided for in paragraph 406. The claim for free entry under paragraph 1803 was sustained as to certain items.

**No. 41796.**—Protest 895713–G of American Moss Co., Inc. (New York).

Opinion by McCLELLAND, P. J. It was found that the plaintiff by the testimony of its witnesses established the correctness of its claim for free entry under paragraph 1688.

**No. 41797.**—Protest 635324–G of C. S. Emery & Co. (St. Albans).

Opinion by McCLELLAND, P. J. In accordance with stipulation of counsel and on the authority of *Emery* v. *United States* (T. D. 46702) and *Myers* v. *United States* (T. D. 49530) it was held that the clapboards in question should have been assessed on the number of board feet found by taking the mean average of the thickness of the edges without deduction for planing under paragraph 401 and section 601 (c) (6), Revenue Act of 1932.

**No. 41798.**—Petition 5741–R of Otto A. C. Hagen Corp. (New York).

Opinion by McCLELLAND, P. J. Nothing was found in the record to indicate any intention to defraud the Government. The inclusion of the cost of the drums in the nondutiable charges deducted on entry may have been the result of carelessness, but mere carelessness does not justify the conclusion that there was an intent to defraud. The petition was therefore granted.